1-1-2, Guan Yan Chan v. Loretta Lynch Good morning. May it please the court, my name is Greg Romanofsky and I represent the petitioner Ms. Chan. May I reserve two minutes for rebuttal? The first step, the cornerstone, the foundation of almost any green card case is an immigrant visa petition adjudicated by the immigration service, U.S. Citizenship and Immigration Services. The purpose of that petition is to classify you as either a relative of a U.S. citizen or a permanent resident, an employee of a U.S. company, a foreign investor, a religious worker, a special immigrant, and so forth. Without that foundation, there is no green card case. Assuming the foundation is in place, assuming the immigrant visa petition is approved, then you can seek permanent resident status and you can get a green card. You can do it in one of three ways. If you're overseas, you come to your nearest consulate overseas and you apply for an immigrant visa. If you're in the United States, you can apply for what's called adjustment of status before USCIS, the same agency that adjudicates the immigrant visa petition. If you're in the United States but you are in rural proceedings, you can also apply for adjustment of status, but you have to do it in front of the immigration judge. Because once you're in the rural proceedings, the immigration judge is the only person who has jurisdiction over your status in the United States, with some limited exceptions not relevant here. So the case law and the regulations are very clear. USCIS has exclusive jurisdiction over immigrant visa petitions. Whether the beneficiary is outside of the United States applying for an immigrant visa or in the United States applying for adjustment of status in front of an immigration judge, neither the consular officer nor the immigration judge has the authority to re-adjudicate the immigrant visa petition. Well, is there any case law that says that? The case law seems to be dead against you. With all due respect, I don't think Your Honor is correct. There is a matter of Arthur and there's also a matter of H.A. No, I'm talking about on the circuit court level. On the circuit court level, there is no specific case that addresses this very issue, but the regulations say that USCIS has exclusive authority over immigrant visa petitions and the BIA... But this case, there's no question that no one's challenging... The immigration judge did. No, excuse me. No one's challenging USCIS's right to pass upon the immigrant visa petition. The question is the effect of that. Does that right on the part of USCIS somehow deprive the immigration court of its independent responsibility to determine whether a particular alien is entitled or eligible for adjustment of status? And the circuit courts that have passed upon this, as I read the cases, have said that whereas what USCIS has done on the immediate relative visa petition is some evidence, may even be prima facie evidence, is not conclusive and that the immigration court has a right and an obligation before it grants adjustment of status to inquire into the bona fides of the marriage if a question is raised. Your Honor, the USCIS, the immigration service, did adjudicate the Avalon 30 petition in this case after a thorough interview. Does the immigration judge have the authority to question the applicant on the applicant's admissibility and overall eligibility for adjustment of status? Absolutely. What the immigration judge is not permitted to do is what the immigration judge in this case. The USCIS, in approving the Avalon 30 petition after a thorough interview, said, no fraud, it's a legitimate marriage, but the immigration judge did not rule you can't get adjustment of status because you don't have a petition. Yes, I apologize for interrupting, but that's exactly what he said. I thought what he was saying is you don't qualify for adjustment of status because you don't have a bona fide marriage. Yeah, that's right. He said it was true that to get a petition you have to have a bona fide marriage, but some other person decided you didn't. Now another guy says you didn't, but that doesn't mean you didn't get a petition. It would be error, it seems to me, if the IJ said I disagree that the petition should have been granted and since you need a petition you can't get adjustment of status. But I don't see why or what authority you're relying on to suggest that the immigration judge can't say I understand you have a petition, that may be evidence that you have a bona fide marriage. Now let's see whether I agree. I don't agree that you have a bona fide marriage even though you have a petition, which I'm not questioning. What's the problem with that? The problem is that as the Board of Immigration Appeals said in the matter of HA, immigration judges do not have original jurisdiction or direct review over such a petition. He's not challenging the petition. His ground for denying adjustment of status is not the fact that you don't have a petition. His ground for denying adjustment of status is you don't have a bona fide marriage. But that's correct. So what's wrong with that? What authority do you have that suggests that the immigration judge cannot make its own independent determination of whether there's a bona fide marriage as long as the immigration judges make that taking account of whatever evidence the petition may suggest that there is a bona fide marriage? The Board of Immigration Appeals, Your Honor, has repeatedly voiced a concern with jurisdictional problems in this particular situation that would result from an IJA's immigration judge's in-depth examination into the merits of an immigrant visa petition. In the BIA's view, Your Honor, such examination would constitute a substantial and unwarranted intrusion into the immigration service's authority over the initial adjudication of the visa petition. Are we reviewing a BIA decision here? This is not the BIA decision in this case, Your Honor. The BIA apparently has no objection to the procedure that the immigration judge followed because it reviewed his decision in this case and approved it. Can I offer an example, Your Honor? So as part of any immigrant visa process, you're supposed to prove that you're not inadmissible to the United States for medical reasons. You don't have any terrible communicable diseases. So if the immigration judge opens up a medical exam conducted by a designated civil surgeon which says this person is healthy enough to become a permanent resident of the United States, the immigration judge cannot say, you know what, I don't like your cough. You're coughing up blood. I think you have tuberculosis, so I'm denying your case. What he can do and should do is send it back to the surgeon and say you should evaluate it. The immigration judge cannot say it's fraudulent marriage because in essence it's re-adjudicating an unauthorized petition. Just could you answer Judge Seligman's question? The BIA here seems not to have a problem with what the IJ did. So it's a little hard to see how our basis for concluding the IJ erred is that the BIA thought he erred when it didn't. You're on a matter of argument. We have the BIA decision in this case which seems to suggest that what the IJ did was fine. This is not a precedent decision, Your Honor. And again, the matter of author should govern. The immigration judge and the BIA do not have direct reviews over this. So the BIA decision was arbitrary because it didn't take account of its own precedent? That is correct. And what the immigration judge cites, the immigration judge cites a matter of Loreanna. He says this evidence does not satisfy the respondent's burden in proving that her marriage to the petition is bona fide. And he cites a matter of Loreanna. But the matter of Loreanna was the BIA's case in which the BIA was reviewing the denial of the I-130 petition by the immigration service. I'm a little confused by dates here. If I understand it correctly and if my notes are correct, her second immigrant visa petition was filed and approved on October 3rd, 2008. But prior to that, the Department of Homeland Security had initiated the removal proceedings against her. Is that correct? That is correct, Your Honor. So doesn't that make a difference that the Department had, before this approval, had already commenced removal proceedings? It certainly did make a difference for the interdication of the second I-130 petition. And the immigration service used a higher standard when they interdicated the second I-130 petition. They had to be exceptionally thorough to make sure that it was a bona fide marriage, which they did. And I just want to point out, I appreciate you allowing me to finish, I want to point out that the immigration judge got it wrong in this case. And the couple has been married for more than 10 years. They're here today on the first row to your right. They are here. They're still married. And the immigration judge had no authority to tell USCIS, your decision was wrong. Basically what he did was he said to the immigration service, your decision is incorrect. I find marriage fraud, so your decision does not stand. I think it should have been denied. And we have no business doing that. Thank you. Good morning, Your Honors, and may it please the Court, Rob Stolzer on behalf of Attorney General Lynch. Your Honor, this case has many moving parts, but I have to respond to Petitioner. The USCIS denied the adjustment, not just the first application for an I-130, but the initial application for adjustment before the case was put into removal proceedings when she renewed her application, again seeking to adjust status by means of her U.S. citizen husband. In terms of order of events, Your Honor, you can find that actually in the immigration judge's decision at AR 89 of the record. Like I said, there's many moving parts here, but I have to focus the Court's attention on the issue of whether we have jurisdiction here. Both the immigration judge and the Board issued a discretionary denial of the application here, and that was firmly within the Board's discretion to do. Yes, but there's an exception to the discretionary denial doctrine for colorable legal or constitutional questions, and whatever else you may say about the Petitioner's case, the Petitioner certainly raises a colorable question as to whether the USCIS approval of the immediate relative visa petition on the basis of her marriage has percussive effect. The parties may disagree about what the correct answer to that question is, but that's certainly a question that's undecided in the circuit and would qualify as colorable. Okay, Your Honor. In that case, let's focus on first, the immigration judge and the Board did not dispute that there was an approved immigrant visa petition. The issue is, under the Adjustment Statute, you don't only have to have that immediately available visa, you also have to demonstrate that you're admissible to the United States, and under the admissibility grounds, one of which was to make sure that you have a bona fide marriage. And that's what the immigration judge was asking about here, because Petitioner's testimony indicated to the immigration judge raised a question of whether this marriage I know, but the cognizable legal question here is the Petitioner's contention, and again, I'm not suggesting I agree with it, that that issue of bona fide marriage was not open to the immigration judge, that it had been preempted or precluded by the USCIS decision to grant the immediate relative visa petition based on the marriage. That's a legal question sufficient to give us jurisdiction, even if the Petitioner loses on it. Okay, Your Honor. And the reason that was colorable was because, again, we're not actually talking about the visa, the immediate relative visa approval. We're back over on the adjustment side on whether or not she's met her burden, which is a factual question, not a legal one. What about this matter of rights from the other BIA precedent that your opponent is referencing? Again, the immigration judge wasn't seeking to re-adjudicate the immigrant visa petition. Are those cases in which the question wasn't an attempt by an immigration judge to re-adjudicate an immigration petition or did it just like this in which they were admissibility determinations? They're cases in which the immigration judge was trying to go behind CIS. For what purpose? For the purpose of re-adjudicating the bona fides of the marriage. Yeah, but that's this case. This case is, again, we're not contesting the Form I-130, the immediate visa petition. Were they contesting the Form I-130 in those cases? I don't believe so, Your Honor. So how are those cases consistent with this? I don't understand the BIA precedent. If there's a line of BIA precedent saying you can't look behind it in making an admissibility determination or an adjustment determination, and now you have a BIA precedent saying you can, that seems like there's a conflict in the BIA precedent that I'm not understanding. I think we're talking about two different things. I think so. Because the immigration judge here is focused on admissibility, the separate adjustment ground under the statute. Not only do you have to have a visa available, which is not the contention here, you have to be admissible to the United States. In those other cases, was the issue a matter of whether you had a petition? I believe it was whether you were admissible to the United States. Oh, excuse me. In Arthur, whether your marriage was bona fide enough to qualify as qualifying you for adjustment. But that's the same issue here, isn't it? I'm not following what you're saying. I understand. I thought the government's argument was, Look, so long as the immigration judge is not questioning whether there's a petition, he can look behind in the sense that he can independently decide whether you're admissible. Since that requires a determination of whether there's a bona fide marriage, the immigration judge is entitled to do that, notwithstanding that a similar determination had to be made in granting the petition because the decision on admissibility is not challenging the existence of the petition. Counsel then says, Look, there's BIA precedent saying, No, you can't look behind the petition even when you're making a status determination on the bona fide marriage. So that seems just like a conflict between your precedent on one hand and the precedent that you're asking us to affirm now, and I'm not following. I disagree with counsel's reading of precedent, in other words, Your Honor. Well, that's on that. So how is the precedent being challenged? Because I think under the circumstance, the immigration judge is authorized to examine the bona fides of marriage to determine admissibility for that purpose, not for the purpose of re-adjudicating the visa petition. So how in a matter of Arthur would the same thing not happen? I don't know, Your Honor. I simply don't know how a matter of Arthur applies here, and that's why I couldn't answer your question. If we go beyond... So you now have me totally confused. So your answer is that matter of Arthur doesn't apply to this situation, but you can't tell us why or how. Are you unfamiliar with the case? Is that what you're telling us? I can't remember the specifics of matter of Arthur, Your Honor. If we were to go to the actual evidence in this case, the petitioner was burdened to demonstrate eligibility for adjustment, and she didn't testify credibly as to the marriage. She couldn't remember the date of the marriage or where she lived with her husband. She came to the U.S. with the express purpose of remaining here in the U.S. despite the fact that she had a non-immigrant visa, which we give you. You're going to come to the U.S. and you're going to return to your home country, but she intended to remain here. Because she was not credible, the immigration judge then looked to the rest of the record evidence to say, okay, was this a bona fide marriage to begin with? And couldn't find that evidence because it was lacking in the documentation, it was lacking in the behaviors the petitioner described, and it was lacking according to the testimony of her husband, which includes the quid pro quo that they both testified to, that the marriage was undertaken for the purpose of obtaining her green card, that the husband didn't seem to know about the status of petitioner's son because he was in the United States, personally to a visa provided by the husband, but the husband seemed to think that the son was still in China. And the erratic and incomplete residency history, she came to the United States, she met the petitioner, she married him two months after she met him and three months after she was in the United States, and then after receiving the work authorization, she moved to a different state for a while, suggesting again that it wasn't bona fide to begin with. You know, I must confess, I'm still confused by the dates when all of this happened. Her first petition was denied. Now, the second petition was granted, but that is granted after the petition for removal has been filed. Does that make a difference as to how we look at the granting of the second petition? When you say the first petition was denied, her first immediate relative petition was granted, and then U.S. Citizenship and Immigration Services adjudicated her first adjustment application. That's what was denied on October 24, 2007, her first adjustment. Then when she's in removal proceedings, she again has that I-130, she comes to the immigration judge, excuse me, an immediate petitioner relative visa, and she comes to the immigration judge and says, actually, I would like to reapply for adjustment of status. That's the order of events. But it makes a difference in the sense that because of dependency of the removal proceeding, jurisdiction to grant or deny the adjustment of status rests in the immigration court rather than in USCIS. Correct. If there was no petition for removal, she would have just handled everything as she did the first time, unsuccessfully, with USCIS. Correct, Your Honor. So that makes the difference. Yes. Because the adjustment application was coming to the immigration judge, it was his determine to start from top to bottom to make sure she was admissible, to make sure she had the immediate relative petition, to make sure, for example, that marriage was bona fide, and then to rule as a matter of discretion whether or not she qualifies for the relief she seeks. It makes a difference unless the BIA has already said it doesn't make a difference. But you can't tell us whether that's the case. No, I can't, Your Honor. If there are any other questions, I urge you to deny this petition. Incredible. Just to clarify, the immigrant, the approved Island 30 petition, immigrant visa petition in this case, served as prima facie evidence of my client's eligibility for adjustment of status. The job of the immigration judge was to determine, based on that approved condition, the eligibility is established, to determine whether that person is admissible to the United States and whether the immigration judge should grant adjustment of status as a matter of discretion. There is no separate ground after the Island 30 is approved, there is no separate inadmissibility ground for marriage fraud. The judge is not supposed to look at that. I'm normally suggesting that the immigration judge can never question the validity of the marriage. Yes, the immigration judge certainly can ask questions, and if something stands out, he or she can pursue this further by either letting CIS revoke the petition, if he thinks that... I get the point, but could you just explain... What does Matter of Arthur hold, since you're relying on it, and you say the BIA has precluded the BIA from doing what it did here, so that there's a conflict in the precedent. How did the issue come up in Matter of Arthur? In exactly the same scenario, Your Honor. Island 30 petition was approved, and the immigration judge questioned the validity of the marriage. And the BIA reversed the immigration judge because he did so? Yes, that is correct. In that case, did the IJ give no credit to the petition? In other words, was the problem there that the IJ failed to treat the petition as prima facie evidence, or was the problem there that it questioned it at all? The question that... I do not remember the exact fact pattern, Your Honor, but I do remember that it had to do with questioning the validity of the marriage. And if I may very quickly summarize... I didn't get a chance to summarize the list of all the errors that were made in this case. It will take me no more than a minute. Go ahead. The Island 30 petition, again, was not supposed to be re-adjudicated. Normally did the judge attempt to re-adjudicate the petition. He, in looking for marriage fraud, he used the wrong... the standards that courts use to determine whether there is marriage fraud or not. He looked at motive, and this court uses a different standard. He looked at motive, and he took a big issue with the fact that... with the quote that he thought took place... This is all in your briefing to us. It is. Okay, thank you very much.